**POST, POLAK, GOODSELL & STRAUCHLER, P.A.**
Frederick B. Polak (028911980)
Michael J. Martelo (079282013)
425 Eagle Rock Avenue, Suite 200
Roseland, New Jersey 07068-1717
T. (973) 228-9900
F. (973) 994-1705
fpolak@postpolak.com
mmartelo@postpolak.com
Attorneys for Defendant/Third-Party Plaintiff, H.G. Clarke, L.L.C.
Our File No. 5920.00001

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE INDEPENDENCE PROJECT, INC., a New Jersey Non Profit Corporation, and RONALD MOORE, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>H.G. CLARKE, L.L.C., a New Jersey Limited Liability Company,<br><br>Defendant/Third-Party Plaintiff,<br><br>vs.<br><br>NA NA LIN, QING FENG BUFFET OF LIN INC, GULJAR SINGH, BIG BLUES SUB SHOP, JOHN DOE 1-10, and ABC CORP. 1-10,<br><br>Third-Party Defendants. | Civil Action No. 2:17-cv-06221-ES-JAD<br><br>**THIRD-PARTY COMPLAINT**<br><br>*Document Filed Electronically* |

Defendant/Third-Party Plaintiff, H.G. Clarke, L.L.C., by way of Third-Party Complaint

against Third-Party Defendants, Na Na Lin, Qing Feng Buffet of Lin Inc, Guljar Singh, Big Blues

Sub Shop, John Doe 1-10, and ABC Corp. 1-10 (collectively, "Third-Party Defendants"), says:

{00727458.2}

## PARTIES

1.       Defendant/Third-Party Plaintiff, H.G. Clarke, L.L.C. ("H.G. Clarke"), a New Jersey limited liability company, is the owner of Elwood Plaza, a shopping center located at the corner of West Elizabeth Avenue and North Wood Avenue in Linden, New Jersey.

2.       Third-Party Defendant Na Na Lin is a tenant in Elwood Plaza.  Upon information and belief, Lin is a citizen of New Jersey, having a residence at 21 West Henry Street, Linden, New Jersey.  Earlier this year, in January, Lin entered into an eight-year lease with H.G. Clarke for the first-floor store located at 25 West Elizabeth Avenue, Linden, New Jersey.  Lin currently operates a restaurant at that location, which does business as "Qing Feng Buffet."

3.       Third-Party Defendant Qing Feng Buffet of Lin Inc is a New Jersey domestic profit corporation, having an address at 25 West Elizabeth Avenue, Linden, New Jersey.  Its president is Na Na Lin.  Upon information and belief, Qing Fen Buffet of Lin Inc does business as "Qing Feng Buffet."

4.        Third-Party Defendant Guljar Singh is another tenant in Elwood Plaza.  Upon information and belief, Singh is a citizen of New Jersey, having a residence at 125 Charlotte Terrace, Roselle Park, New Jersey.  Earlier this year, in February, Singh entered into a four-year lease with H.G. Clarke for the first-floor store located at 17 North Wood Avenue, Linden, New Jersey.  Singh currently operates a restaurant at that location, which does business as "Big Blues Sub Shop."

5.       Third-Party Defendant Big Blues Sub Shop is, upon information and belief, an unincorporated entity, qualifying as either a sole proprietorship or a partnership under New Jersey law.  Guljar Sing is either the entity's sole proprietor or among its partners.  The entity has an address at 17 North Wood Avenue, Linden, New Jersey.

6.      Third-Party Defendants John Doe 1-10 are as-of-yet-unknown individuals who are responsible for certain conditions, which, according to Plaintiffs, the Independence Project, Inc. and Ronald Moore ("Plaintiffs"), violate the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1201 et seq., certain regulations promulgated thereunder, and the New Jersey Law Against Discrimination (the "NJLAD"), N.J.S.A. 10:5-1 et seq.

7.      Third-Party Defendants ABC Corp. 1-10 are as-of-yet-unknown entities who are responsible for certain conditions, which, according to Plaintiffs, violate the ADA, certain regulations promulgated thereunder, and the NJLAD.

## JURISDICTION AND VENUE

8.      This Court has supplemental jurisdiction over the third-party claims asserted herein, under 28 U.S.C. § 1367, because they share a common nucleus of operative facts with Plaintiffs' claims against H.G. Clarke, L.L.C.

9.      Venue is proper in this District, under 28 U.S.C. § 1391(b)(2), because a substantial part of the events and/or omissions giving rise to the claims set forth herein occurred in this District.

## FACTS COMMON TO ALL COUNTS

10.      Earlier this year, Na Na Lin and Guljar Singh each entered into a lease with H.G. Clarke, L.L.C. for a first-floor store located in Elwood Plaza.  While Lin and Singh are tenants, H.G. Clarke is the landlord.

11.      Lin operates a business within its demised premises known as Qing Feng Buffet. Upon information and belief, the legal name of Lin's business is Qing Feng Buffet of Lin Inc.

12.    Singh operates a business within its demised premises known as Big Blues Sub Shop.  Upon information and belief, Singh's business is an unincorporated entity qualifying as either a sole proprietorship or a partnership under New Jersey law.

13.    Both leases contain virtually identical provisions for purposes of this action.

14.    Both leases contain provisions titled "Observation of Laws, Ordinances, Rules and Regulations," which provide, in pertinent part:  "The Tenant agrees to observe and comply with all laws, ordinances, rules and regulations of the Federal, State, County and Municipal authorities applicable to the business to be conducted by the Tenant in the demised premises."

15.    Both leases contain provisions titled "Condition of Premises," which provide, in pertinent part:  "The tenant shall keep the demised premises in good condition, and shall redecorate, paint, and renovate the said premises as may be necessary to keep them in repair and good appearance."

16.    Both leases contain indemnity provisions, titled "Liability of Landlord," which provide:

> The Landlord shall not be responsible for the loss of or damage to property, or injury to persons, occurring in or about the demised premises, by reason of any existing or future condition, defect, matter or thing in said demised premises or the property of which the premises are a part, or for the acts omissions or negligence of other persons or tenants in and about the said property.  The Tenant agrees to indemnify and save the Landlord harmless from all claims and liability of or damage to property, or injuries to persons occurring in or about the demised premises.

17.    And both leases contain the following fee-shifting provision:  "The Tenant agrees to pay, as additional rent, all attorney's fees and other expenses incurred by the Landlord in enforcing any of the obligations under this lease."

18.     Two months ago, on August 17, 2017, Plaintiffs, the Independence Project, Inc. and Ronald Moore, filed the above-captioned action against H.G. Clarke.

19.     Plaintiffs' Complaint alleges that "Qing Feng Chinese Buffet" has violated the ADA, certain regulations promulgated thereunder, and the NJLAD.   However, Plaintiffs' Complaint names neither Lin nor Qing Feng Buffet of Lin Inc as a defendant.

20.     Plaintiffs' Complaint similarly alleges that "Big Blue's Sub Shop"  has violated the ADA, certain regulations promulgated thereunder, and the NJLAD.   However, Plaintiffs' Complaint names neither Singh nor Big Blues Sub Shop as a defendant.

## COUNT I

### INDEMNIFICATION

21.      H.G. Clarke, L.L.C. repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

22.     Na Na Lin's lease with H.G. Clarke contains the above-quoted indemnity provision.

23.     Guljar Singh's lease with H.G. Clarke contains the above-quoted indemnity provision.

24.     Without admitting any liability in connection with the allegations set forth in Plaintiffs' Complaint, insofar as H.G. Clarke is found to be liable to Plaintiffs, such liability stems, in whole or in part, from the actions of Lin, Qing Feng Buffet of Lin Inc, Singh, and/or Big Blues Sub Shop.  Consequently, H.G. Clarke is entitled to indemnification from them.

**WHEREFORE**, Defendant/Third-Party Plaintiff, H. G. Clarke, L.L.C., demands judgment against Third-Party Defendants for damages, punitive damages, interest, attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

## COUNT II

### CONTRIBUTION

25.     H.G. Clarke, L.L.C. repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

26.     Plaintiffs' Complaint alleges that "Plaintiff Ronald Moore has sustained emotional distress, mental anguish and suffering and humiliation, and other injuries" due, in part, to certain alleged wrongful acts of Na Na Lin's and Guljar Singh's businesses, Qing Feng Buffet of Lin Inc and Big Blues Sub Shop, respectively.

27.     Without admitting any liability in connection with the allegations set forth in Plaintiffs' Complaint, insofar as H.G. Clarke is found to be liable to Plaintiffs, such liability stems, in whole or in part, from the actions of Lin, Qing Feng Buffet of Lin Inc, Singh, and/or Big Blues Sub Shop.  Consequently, H.G. Clarke is entitled to indemnification from them.

28.     Alternatively, insofar as H.G. Clarke is found to be liable to Plaintiffs for Third-Party Defendants' alleged wrongful acts, and insofar as H.G. Clarke is not entitled to indemnification from Third-Party Defendants, H.G. Clarke is instead entitled to contribution from them.

**WHEREFORE**, Defendant/Third-Party Plaintiff, H. G. Clarke, L.L.C., demands judgment against Third-Party Defendants for damages, punitive damages, interest, attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

## COUNT III

### BREACH OF CONTRACT

29.     H.G. Clarke, L.L.C. repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

30.     Na Na Lin and Guljar Singh, pursuant to the terms of their respective leases with H.G. Clarke, have a contractual obligation to observe and comply with all state and federal laws, including the ADA and NJLAD.  They also have a contractual obligation to keep their respective demised premises in good condition.

31.     Plaintiffs' Complaint alleges that "Qing Feng Chinese Buffet" has violated the ADA, certain regulations promulgated thereunder, and the NJLAD.

32.     Plaintiffs' Complaint similarly alleges that "Big Blue's Sub Shop" has violated the ADA, certain regulations promulgated thereunder, and the NJLAD.

33.     Without admitting any liability in connection with the allegations set forth in Plaintiffs' Complaint, insofar as Plaintiffs meet their burden of proof as to those allegations, Lin and Singh will have breached the terms of their respective leases with H.G. Clarke, resulting in damages to H.G. Clarke.

**WHEREFORE**, Defendant/Third-Party Plaintiff, H. G. Clarke, L.L.C., demands judgment against Third-Party Defendants for damages, punitive damages, interest, attorneys' fees, costs of suit, and such other relief as the Court deems just and proper.

Respectfully submitted,

Dated:  October 20, 2017                    By:     s/ Frederick B. Polak

Frederick B. Polak
POST, POLAK, GOODSELL &
STRAUCHLER, P.A.
425 Eagle Rock Avenue, Suite 200
Roseland, New Jersey 07068-1717
T. (973) 228-9900
F. (973) 994-1705
fpolak@postpolak.com
Attorneys for Defendant/Third-Party
Plaintiff, H.G. Clarke, L.L.C.

{00727458.2}                                        7